1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DONALD WILLIS,                         )
                                       )
                 Plaintiff,            )
                                       )
        vs.                            )        2:12-cv-01285-RCJ-VCF
                                       )
STATE FARM MUTUAL AUTOMOBILE           )        **ORDER**
INSURANCE CO.,                         )
                                       )
                 Defendant.            )
_____)

        This case arises out of an automobile insurance company's alleged failure to pay its

insured under an underinsured motorist ("UIM") provision.  Pending before the Court is a

Motion for Summary Judgment (ECF No. 12).  A response was due March 18, 2013, but Plaintiff

has not responded as of April 11, 2013.  Because this constitutes consent to granting the motion,

*see* Local R. 7-2(d), and for the reasons given herein, the Court grants the motion.

## I.    FACTS AND PROCEDURAL HISTORY

        On September 12, 2011, a third-party caused an automobile collision with Plaintiff

Donald Willis, causing Plaintiff serious and potentially disabling injuries. (Compl. ¶¶ 6–7, June

5, 2012, ECF No. 1, at 6).  The third-party paid his insurance policy limits to Plaintiff, but

because Plaintiff's damages exceed that amount, Plaintiff demanded that Defendant State Farm

Mutual Automobile Insurance Co. ("State Farm") tender Plaintiff's own policy limits under a

1    UIM provision of a policy Defendant had issued to Plaintiff. (*See id.* ¶¶ 10–12).  Defendant

2    refused. (*Id.* ¶ 13).

3            Plaintiff sued Defendant in state court for: (1) breach of contract; (2) insurance bad faith;

4    (3) unjust enrichment; and (4) violations of Nevada Revised Statutes ("NRS") section

5    686A.310(1)(b)–(g).  Defendant removed and has now moved for summary judgment as against

6    all claims except the claim for breach of contract.  Plaintiff has not timely responded.

7    **II.    LEGAL STANDARDS**

8            A court must grant summary judgment when "the movant shows that there is no genuine

9    dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

10   Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson v.*

11   *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there

12   is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  A

13   principal purpose of summary judgment is "to isolate and dispose of factually unsupported

14   claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary

15   judgment, a court uses a burden-shifting scheme:

16           When the party moving for summary judgment would bear the burden of proof at
             trial, it must come forward with evidence which would entitle it to a directed verdict
17           if the evidence went uncontroverted at trial.  In such a case, the moving party has the
             initial burden of establishing the absence of a genuine issue of fact on each issue
18           material to its case.

19   *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations

20   and internal quotation marks omitted).  In contrast, when the nonmoving party bears the burden

21   of proving the claim or defense, the moving party can meet its burden in two ways: (1) by

22   presenting evidence to negate an essential element of the nonmoving party's case; or (2) by

23   demonstrating that the nonmoving party failed to make a showing sufficient to establish an

24   element essential to that party's case on which that party will bear the burden of proof at trial. *See*

25   *Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary

1  judgment must be denied and the court need not consider the nonmoving party's evidence. *See*

2  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

3      If the moving party meets its initial burden, the burden then shifts to the opposing party to

4  establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

5  475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party

6  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the

7  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

8  versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

9  626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment

10 by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d

11 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and

12 allegations of the pleadings and set forth specific facts by producing competent evidence that

13 shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

14     At the summary judgment stage, a court's function is not to weigh the evidence and

15 determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477

16 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are

17 to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely

18 colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

19 **III.    ANALYSIS**

20     First, the Court grants summary judgment to Defendant as a matter of law as against the

21 unjust enrichment act, because no such claim can lie where a contract governs the relationship

22 between the parties, as here. *See Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182,

23 187 (Nev. 1997).

24     Second, as Defendant notes, no insurance bad faith claim lies where the insurer has a

25 reasonable basis for challenging a claim or the extent of a claim, *see Allstate Ins. Co. v. Miller*,

1 212 P.3d 318, 324 (Nev. 2009), such as where the merits of a claim are "fairly debatable" in fact

2 or law, *Bellville v. Farm Bureau Mut. Ins. Co.*, 702 N.W.2d 468, 481 (Iowa 2005).  In Nevada,

3 fair debatability is a question of fact. *See Albert H. Wohlers & Co. v. Bartgis*, 969 P.2d 949,

4 956–57 (Nev. 1998) (citing *Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1137 (Ariz.

5 1982)).  Therefore, the Court must not determine the issue under its own judgment as a matter of

6 law, but must apply the summary judgment standards to the issue as a factual question.  Because

7 Plaintiff has not responded, Defendant will be entitled to summary judgment if it has met its

8 initial burden, i.e., if it has presented evidence to negate an essential element of the bad faith

9 claim, or if it has demonstrated that Plaintiff has failed to make a showing sufficient to establish

10 an essential element.  Defendant is entitled to summary judgment, because it has pointed out that

11 Plaintiff has not made any showing that could support any element of the claim.  Plaintiff has not

12 made any showing that could negate any reasonable basis for Defendant's rejection of the claim.

13 Moreover, the evidence Defendant adduces documenting Plaintiff's pre-existing injuries likely

14 resulting from previous automobile accident.  Plaintiff has produced no evidence indicating that

15 Defendant's rejection of his claim because of a dispute over causation of the claimed injuries was

16 unreasonable.  The Court grants summary judgment to Defendant on the bad faith claim.

17       Third, the Court also grants summary judgment on the statutory claims.  Defendant has

18 provided evidence indicating that it promptly communicated with, investigated, determined, and

19 attempted to settle the disputed claims according to a reasonable policy and in a fair manner.

20 Plaintiff has not responded.

21       The Court also grants the motion insofar as it asks to strike the claim for punitive

22 damages, because Plaintiff has provided no evidence of oppression, fraud, or malice.

23 ///

24 ///

25 ///

1

**CONCLUSION**

2          IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 12) is

3    GRANTED.

4          IT IS SO ORDERED.

5    Dated this 26th day of April, 2013.

6

7                                             _____
                                              ROBERT C. JONES
8                                             United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25